**SEALED**

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 24, 2019

JULIA C. DUDLEY, CLERK
BY: B. Davis
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| The residence of Desmond Lamar HAYNES located at: 202 Harrison Ave NW in the City of Roanoke, Virginia. The residence is described as a single family dwelling, yellow/beige in color with a white porch. The residence sits on the corner of Harrison Ave NW and 2nd ST NW. To include all out buildings, vehicles and the curtilage surrounding the home. | CASE Number 7:19-MJ-00055 |

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

**A. Affiant**

I, Ryan A Sloan, being duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration, and have been since September 2015. I have been employed by the Roanoke Police Department since October 2008. Prior to this DEA assignment, I spent 2 years assigned to the Patrol Bureau, 2 years assigned to the Street Investigations Unit and 3 years assigned to the Narcotics and Organized Crime Unit. During these assignments I have made narcotics arrests that have led to convictions at both the State and Federal levels. I have received training in the area of the current investigation and detection of controlled substance traffickers. I have conducted and assisted in investigations into the unlawful possession, possession with the intent to distribute, and distribution of controlled substances, and the associated conspiracies in violation of Title 21, United States Code Sections 841 (a)(1), and 846. I have participated in the preparation and execution of numerous arrest and search warrants for criminal offenses involving distribution of controlled substances, and

conspiracy to distribute controlled substances. I am familiar with the methods in which drug traffickers conduct their illegal activities to include communication methods, asset management, and narcotic transactions.

2. Through my training and experience, I am familiar with the drug culture in and around the Southwest Virginia Area.

3. The information contained within this affidavit is based on my personal experience as well as on information provided to me by other federal agents, local police officers and confidential sources. Your affiant is aware that narcotic traffickers often keep records in their residences regarding the purchase and sale of controlled substances. Such persons also keep records regarding home telephone billings, cellular telephone billings, travel (airline, hotel and rental car) receipts, money transfers, and ledgers with pay/owe information, firearms, ammunition, US Currency, controlled substances and any other documentation that can identify known and unknown co-conspirators. All of these items have significant evidentiary value in demonstrating involvement in drug trafficking.

## B. Statement of Probable Cause

4. Because this affidavit is being submitted for the limited purpose of obtaining a search warrant for the target residence(s), it is not intended to include each and every fact and matter observed by me or known to the government. Therefore, I have set forth only those facts necessary to support probable cause for this application. All of the below events conducted by law enforcement occurred in Roanoke, Virginia, which is within the Western District of Virginia.

5. This affidavit is made in support of a SEARCH WARRANT to search the residence at 202 HARRISON AVE NW, ROANOKE, VIRGINIA IN ROANOKE CITY. This residence has been used by Desmond Lamar HAYNES in furtherance of drug trafficking crimes. Further, based on training and experience, your affiant believes that Desmond Lamar HAYNES utilizes the residence at 202 HARRISON AVE NW, ROANOKE, VIRGINIA to store and/or secure documentation related to their drug trafficking activities. Said documentation would include hard copy documentation, as well as digitally stored information. Desmond Lamar HAYNES is described as a Black Male 5' 09", 270 lbs., black hair, and brown eyes. HAYNES was born on August 23rd of 1983.

6. In March 2018, DEA Roanoke in conjunction with local law enforcement identified Desmond Lamar HAYNES as a methamphetamine trafficker operating in the Roanoke, Virginia area. Law enforcement identified 202 HARRISON AVE NW, ROANOKE, VIRGINIA, in ROANOKE CITY as the primary residence of Desmond Lamar HAYNES. Law enforcement surveillance has observed HAYNES at the residence on at least 10 occasions between March 2018 to May 2019.

7. During the same above time frame Law Enforcement established a Cooperating Source (CS), hereafter referred to as CS 1. CS 1 is a self-admitted drug user and distributor. CS 1 is a reliable CS, and is familiar with the appearance and distribution methods of controlled substances, to include, methamphetamine. CS 1 conducted a controlled purchase of methamphetamine from HAYNES at 202 HARRISON AVE NW on or about May 8, 2019. Prior to the controlled purchase, CS 1 and their vehicle were searched by law enforcement for US Currency and contraband

with negative results. CS 1 was provided covert audio and visual recording equipment as well as funds provided by law enforcement. These controls were in place to show integrity of the purchase. CS 1 was followed by law enforcement to 202 HARRISON AVE NW. CS 1 was observed by law enforcement meeting with HAYNES outside the residence. After a short period of time, CS 1 left the front of the residence and was followed back to a predetermined meeting area by law enforcement where CS 1 turned over the purchased methamphetamine. CS 1 and their vehicle were again searched by law enforcement for US Currency and contraband with negative results. The methamphetamine was field tested using an approved test kit and yielded a positive result. Upon review of the covert video, the audio and visual recording tend to show HAYNES was the person who distributed the substance later identified as methamphetamine. On or about May 13, 2019, law enforcement utilized CS 1 to make another controlled purchase from HAYNES. Again, prior to the controlled purchase, CS 1 and their vehicle were searched by law enforcement for US Currency and contraband with negative results. CS 1 was provided covert audio and visual recording equipment as well as funds provided by law enforcement. These controls were in place to show integrity of the purchase. CS 1 was instructed by HAYNES to meet at a store. Law enforcement observed HAYNES leave 202 HARRISON Ave NW in a 2006 Silver Honda Minivan with VA Registration UST-6228. The vehicle was followed to the location picked by HAYNES, where HAYNES met with CS 1. CS 1 was never out of sight of law enforcement. CS 1 was followed back to a predetermined meeting area by law enforcement where CS 1 turned over the purchased methamphetamine. CS 1 and their vehicle were again searched by law enforcement for US Currency and contraband

with negative results. The methamphetamine was field tested using an approved test kit and yielded a positive result. Upon review of the covert video, the audio and visual recording tend to show HAYNES was the person who distributed the substance later identified as methamphetamine. After meeting with CS 1, HAYNES was followed back to 202 HARRISON AVE NW by law enforcement. A DMV query of VA registration UST-6228, returned to Desmond Lamar HAYNES of 202 HARRISON AVE NW, Roanoke, VA. On or about May 21, 2019, law enforcement used CS 1 to conduct another controlled purchase of methamphetamine from HAYNES. Again, prior to the controlled purchase, CS 1 and their vehicle were searched by law enforcement for US Currency and contraband with negative results. CS 1 was provided covert audio and visual recording equipment as well as funds provided by law enforcement. These controls were in place to show integrity of the purchase. Surveillance was established on 202 HARRISON AVE NW Roanoke, VA. Once CS 1 made contact with HAYNES, surveillance units observed HAYNES exit 202 HARRISON AVE NW, in a 2019 Toyota Tacoma Pickup truck with KY Registration 624YWZ. HAYNES was followed to the meeting location where he was observed by law enforcement meeting with CS 1. CS 1 was followed back to a predetermined meeting area by law enforcement where CS 1 turned over the purchased methamphetamine. CS 1 and their vehicle were again searched by law enforcement for US Currency and contraband with negative results. The methamphetamine was field tested using an approved test kit and yielded a positive result. HAYNES was followed back to 202 HARRISON AVE NW by law enforcement. The 624YWZ KY Registration returned to an EAN Holdings (Enterprise, Alamo,

National) rental vehicle. This information further reflects that HAYNES is most likely using this residence as an everyday living facility.

8. A check of the NCIC database indicated that Desmond Lamar HAYNES has a criminal history with the following state drug-related convictions: felony possession with the intent to distribute a schedule I or II in Virginia in 2008; felony possession with the intent to distribute a schedule I or II in Virginia in 2012; misdemeanor possession of marijuana in Virginia in 2004.

11. Based upon your affiant's training, expertise, and experience, your Affiant knows that:

a. Distributors of controlled substances often keep ledger books, telephone books, receipts, drug customer lists, photographs and other papers that identify co-conspirators and their locations or residences and that relate to the importation, transportation, purchasing and distribution of controlled substances and proceeds derived from said sales;

b. Drug traffickers generate substantial profits as a result of drug dealing which the courts have recognized as probative evidence of crimes motivated by greed, in particular, trafficking controlled substances. Drug traffickers often place assets in corporate entities in order to avoid detection of those assets by law enforcement agencies. These assets often are placed in other person's names, even though the drug dealers continue to use these assets and exercise dominion and control over them. They also often maintain on hand large amounts of United States currency in order to operate and finance their ongoing drug business;

c. Drug traffickers commonly "front" (i.e. provide on consignment) controlled substances to their clients and the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the drug traffickers have ready access to them. It is common practice for large scale drug dealers to secrete contraband, proceeds and drug sales and records of drug transactions in secure locations within their residences, stash houses, and/or places of business for ready access and to conceal such items from law enforcement authorities. Persons involved in large scale drug trafficking often conceal in their residences, stash houses, and/or places of business, caches of drugs, large amounts of currency, financial instruments, precious metals, jewelry, automobile titles and other items of value which are proceeds of drug transactions and evidence of financial transactions relating to obtaining, transferring, secreting or spending large sums of money acquired from engaging in narcotics trafficking activities;

d. When drug traffickers amass large proceeds from the sale of drugs, they often attempt to legitimize or "launder" these profits. To accomplish this, drug traffickers may utilize, but are not limited to, domestic and foreign banks and/or financial institutions and their attendant services, such as securities, cashier's checks and money drafts;

e. It is common practice for large-scale drug traffickers to travel to their source and distribution points to facilitate their trafficking. After purchasing their drugs, drug traffickers often transport or cause to be transported their drugs to areas in which they will distribute them. The methods of transportation include, but are not limited to, commercial carriers, private airplanes, ocean going motor vessels, rental or private automobiles, and government or contract mail carriers;

f. Drug traffickers commonly use female names for services and rentals of apartments and/or residences in an attempt to isolate themselves from those locations;

g. Drug traffickers commonly cause to be taken photographs of themselves, their associates, their property and items used in the distribution of controlled substances. These traffickers usually maintain these photographs at their residences or places of business;

h. Drug traffickers commonly have in their possession, on their person and/or at their residences, stash houses, and places of business, firearms, including but not limited to handguns, pistols, revolvers, rifles, shotguns, machine guns and other weapons and ammunition. Such firearms are used to protect and secure a drug trafficker's property and currency;

i. It is common for armed narcotics traffickers to hide paraphernalia used to cut, weigh and package narcotics; other contraband including firearms; proceeds of narcotics transactions and records of narcotics sales in secure locations within their residence, their businesses, the residences of relatives and associates, safe deposit boxes and or other locations over which they maintain dominion and control, so as to have ready access to and to conceal these items from law enforcement authorities;

j. Narcotics traffickers use safes, surreptitious compartments and money counting machines to count and store the profits of their narcotics business;

k. Methamphetamine traffickers commonly possess at their residences, stash houses, or places of business, paraphernalia and materials for packaging, cutting, weighing and distributing methamphetamine, including, but not limited to scales, plastic wrap, and plastic baggies.

12. Based on the aforementioned, your affiant respectfully submits that there is probable cause to believe that Desmond Lamar HAYNES has violated Title 21, United States Code, Section 841 to wit: distribution of methamphetamine a controlled substance, and that documentation and other items related to the illegal distribution of methamphetamine, will be located within the Western District of Virginia at 202 HARRISON AVE NW, ROANOKE, VIRGINIA in ROANOKE CITY.

Received by reliable electronic means
and attested to telephonically

Ryan Sloan
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 23rdth day of May 2019.

Honorable Robert Ballou
United States Magistrate Judge